No. 12955

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ROBERT E. McTAGGART,

                    Plaintiff and Respondent,

-vs-

PUBLIC SERVICE COMMISSION OF MONTANA
AND DEPARTMENT OF PUBLIC SERVICE REGULATION
OF THE STATE OF MONTANA, ERNEST C. STEEL,
Commissioner and VICTOR H. FALL, Commissioner,

                    Defendants and Respondents,

       and
THE MONTANA POWER COMPANY,

                    Intervenor Defendant and Appellant.

---

Appeal from:  District Court of the First Judicial District,
                Honorable Peter Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert D. Corette argued, Butte, Montana
        Kendrick Smith argued, Butte, Montana
        J. J. Burke appeared and Mark A. Clark appeared,
         Butte, Montana

    For Respondents:

        Towe, Neely and Ball, Billings, Montana
        Thomas E. Towe argued, Billings, Montana
        Russell L. Doty  argued, Helena, Montana
        Charles H. Dickman, Helena, Montana

---

                      Submitted:  June 17, 1975

                          Decided: OCT 17 1975

Filed:

                                      Clerk

PER CURIAM:

In 1974 the Montana Public Service Commission in a 2-1 decision issued Rate Order #4147 approving the application of the Montana Power Company for an increase in rates charged all classes of its customers for natural gas services in an amount equal to its increased costs of purchased gas and royalty expense. The dissenting member of the Commission filed an action in the district court, Lewis and Clark County, to vacate and set aside the Commission's rate order. Following trial, the district court entered judgment vacating the order. The Montana Power Company appeals from this judgment.

The background leading to Rate Order #4147 and a more detailed explanation of its provisions are set forth in our decision in a companion case, Montana Consumer Counsel v. Public Service Commission et al., Cause No. 12944.

On August 30, 1974, when Rate Order #4147 was issued, the Montana Public Service Commission was composed of three members, Commissioner Ernest C. Steel, Commissioner Robert E. McTaggart, and Commissioner Victor H. Fall. Commissioner Mc-Taggart dissented from the rate order and subsequently filed an action in the district court to vacate it.

McTaggart filed the action in district court in his own name as sole plaintiff. He named as defendants the "Public Service Commission of Montana and Department of Public Service Regulation of the State of Montana, Ernest C. Steel, Commissioner, and Victor H. Fall, Commissioner. The relief he sought was three-fold:

(1) To vacate Rate Order #4147, (2) an injunction restraining the Public Service Commission from approving the tariff schedules filed pursuant to Rate Order #4147, and (3) an injunction restraining the Public Service Commission from implementing

Rate Order #4147. McTaggart brought the action under section 70-128, R.C.M. 1947, as a "party in interest being dissatisfied with an order of the commission fixing any rate or rates * * *."

The Montana Power Company was permitted to intervene as a defendant. A motion to dismiss the complaint was made on the grounds, among other things, that McTaggart had no standing to bring the suit. The district court denied the motion to dismiss.

Trial was held, additional evidence was introduced, and the decision was taken under advisement. Findings of fact, conclusions of law and judgment were subsequently entered vacating Rate Order #4147 on the grounds that it was unlawful "because of a deprivation of due process in violation of the Montana and Federal Constitutions and the provisions of Section 82-4209, R.C.M. 1947." The underlying basis of the district court's judgment was insufficiency of the notice of the Commission hearing, particularly in respect to the "automatic adjustment clause" and procedure contained in the application and rate order.

The Montana Power Company appeals from the judgment of the district court.

The controlling issue on appeal is whether McTaggart had standing to bring the lawsuit. The district court held he did. We reverse.

McTaggart argues that he is a party in interest dissatisfied with the Commission's Rate Order #4147 and therefore he is a proper party plaintiff to institute this suit under the provisions of section 70-128, R.C.M. 1947. He further claims that (1) he is not disqualified as a member of the Commission, (2) he is a customer of the Montana Power Company and has standing to sue on this basis, and (3) his standing is not defeated by creation of the office of Consumer Counsel to represent the public in utility rate cases.

Section 70-128, R.C.M. 1947 provides in material part:

"(1) Any party in interest being dissatisfied with
an order of the commission fixing any rate * * *
may * * * commence an action in the district court
of the proper county against the Commission * * *
to vacate and set aside any such order * * *."

In our view, McTaggart, as a member of the Public Service
Commission, has no standing to sue because he was a part of the
decision-making process; was not a party in interest dissatisfied
with the action of the Commission within the meaning of the stat-
ute; and should not be permitted to appear on antagonistic and
opposite sides of the same case.

Here the Commission was named as a party defendant.
McTaggart was a member of the Commission and was no less so by
failing to name himself individually along with the other two
Commissioners. McTaggart is also the plaintiff in the case. Chaos
would result if any dissenting member of a state board or agency
had standing to appeal from any board or agency decision.

A Commissioner's personal interest in seeing his view up-
held has been held insufficient to give him standing to sue in a
variety of situations. A Commissioner of Savings and Loan has
been held to have no standing to appeal from the decision of a
Savings and Loan Review Board because he is not a "person aggrieved"
and "directly affected". Mortensen v. Pyramid Savings & Loan
Association of Milwaukee, 53 Wis.2d 81, 191 N.W.2d 730. A member
of the Board of Zoning Appeals and City Council has no standing
to seek a review of the decision of the Board of Zoning Appeals.
State ex rel. Basista v. Melcher, 118 Ohio App.Rp. 37, 188 N.E.2d
293. A Commissioner of Finance has no standing to seek review of
a decision of the Board of Bank Appeals. State ex rel. Rouveyrol
v. Donnelly, 365 Mo. 686, 285 S.W.2d 669.

We hold that unless the statute expressly provides other-
wise, a "party in interest being dissatisfied with an order of the

commission" means a party outside the decision-making process and does not include a Commissioner who exercised legislative and quasi-judicial powers in arriving at the decision itself. Such Commissioner is not rehabilitated and qualified to sue simply because he wears a "second hat", that is because he is a natural gas consumer and customer of the Montana Power Company.

We have examined the authorities cited by plaintiff in support of his position and find nothing therein to persuade us to reach a contrary result.

The motion to dismiss should have been granted at the outset for the foregoing reasons. We now grant it, and order this case dismissed.

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -