HAROLD LEWIS, Plaintiff-Appellant, *v*. JAMES L. TRAINOR, Director of Public Aid, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 76-881

Opinion filed July 27, 1977.

Harold Lewis, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Harold Lewis, has appealed *pro se* from an order of the circuit court of Cook County dismissing his complaint for administrative review against the defendant directors of the Illinois and Cook County Departments of Public Aid. Plaintiff sought review of the decision of the Illinois Civil Service Commission terminating his employment as a caseworker for the Illinois Department of Public Aid. On January 26, 1977, this court filed an order under Supreme Court Rule 23 reversing and remanding the cause for further proceedings. We found that the trial court had erred in holding that the complaint had not been timely filed. In the order we noted that defendants had not filed an answering brief in this court. Shortly thereafter, defendants moved this court to vacate the Rule 23 order, alleging that their answering brief had been prepared and that they believed it had been filed. As a result, we withdrew the Rule 23

order, gave leave to defendants to file the answering brief, and subsequently received a reply brief from plaintiff.

Defendants urge that the trial court correctly dismissed plaintiff's complaint since it was not timely filed, and also because plaintiff failed to join all necessary parties. Since we believe that plaintiff failed to join all necessary defendants in his complaint, we shall confine ourselves to a discussion of that issue.

On July 31, 1975, the Illinois Department of Public Aid filed written charges against plaintiff seeking his discharge as a caseworker. These written charges were approved by the director of the Illinois Department of Personnel. On August 14, 1975, plaintiff was served with a copy of the charges and, on the next day, plaintiff requested that the Illinois Civil Service Commission grant him a hearing. Pursuant to plaintiff's request, on September 10, 1975, a hearing at which plaintiff was represented by counsel was conducted before a hearing officer of the Illinois Civil Service Commission. After receiving evidence, the hearing officer recommended to the commission that the charges against plaintiff had been proved and were sufficient to warrant discharge. On November 19, 1975, the Illinois Civil Service Commission adopted the hearing officer's finding and rendered a decision discharging plaintiff.

Plaintiff thereafter filed his *pro se* complaint for administrative review against the directors of the two departments of public aid. Plaintiff did not name the Illinois Civil Service Commission as a party defendant, and it was not served with summons.

The Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 271) provides:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

In *Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588, 95 N.E.2d 864, the supreme court stated at page 595:

> "The requirement that all adverse parties of record to the administrative proceeding shall be made defendants on review is mandatory and specific, and admits of no modification."

In *Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780, the supreme court stated at page 617 with reference to the foregoing *Winston* language: "The language quoted applies with equal force to the provision of section 8 that the administrative agency rendering the final decision sought to be reviewed shall be made a party defendant." In *Cuny*, plaintiff had been held responsible for unemployment compensation by a deputy in the department of labor. Upon appeal to a referee, and upon further appeal to the board of review of the department of labor, the

initial decision of the deputy was affirmed. Plaintiff then sought judicial review of the decision of the board of review and the director of labor. The complaint named the director of labor as the only defendant. The trial court affirmed the decision of the board of review. When plaintiff appealed, the supreme court held that the complaint was defective in that it failed to include as defendant the board of review which had been the administrative agency which had rendered the decision sought to be reviewed. In so holding, the court rejected the argument that the Attorney General by arguing the merits of the cause before the trial court on behalf of the board of review, in effect entered the board's appearance and acted as its counsel.

■■ ■ In the present case, the Illinois Civil Service Commission rendered the decision which is sought to be reviewed. It was not named as a defendant, nor was it served with summons. Although plaintiff points out that the name of the commission appears once in the body of the complaint, that reference is not enough to satisfy the requirements of the act. Plaintiff's complaint for administrative review was fatally defective because it did not name all parties of record as defendants. That requirement is both mandatory and jurisdictional. *Winston v. Zoning Board of Appeals.*

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.