LEROY HADLEY *et al.,* Plaintiffs-Appellants, *v.* BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF BATAVIA *et al.,* Defendants-Appellees.

Second District   No. 82—543

Opinion filed March 29, 1983.

Edward T. Graham, of Glen Ellyn, for appellants.

LeRoy W. Gudgeon, of Northfield, and Ralph S. Beck, of Beck & Thompson, of Batavia, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal presents the question whether the members of an administrative agency, who dissent from its decision, have standing to challenge the decision by seeking judicial review under the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264 *et seq.*).

Robert Hodge, chief of the Batavia fire department, applied for a

duty-disability pension under section 4—110.1 of the Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—110.1). After proper notice, the board held a hearing, received medical statements from the designated examining physicians and additional reports, and heard testimony. By a four-three vote, the board granted Hodge an occupational disease disability benefit fixed at 65% of his salary at the time he was to be removed from the payroll (March 6, 1982) based on the board's finding that Hodge was unable to perform his duties "by reason of heart disease resulting (in part) from his service in the department." Trustees Beckman and Hadley were two of three board members voting against the pension.

Hadley and Beckman, plaintiffs, thereafter filed a complaint in circuit court seeking administrative review of the board's decision. Hadley and Beckman alleged, as material, that they were firemen, members of the board and contributors to the pension trust fund, that granting Hodge a pension was in violation of a provision of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—110.1), and that their interests in the fund were adversely affected by wrongful disbursement of money from the fund. They further requested that the board produce a record of proceedings. Named as defendants were the city of Batavia, the board, the four majority members of the board, and Hodge.

Hodge did not answer but moved to dismiss the complaint, arguing that plaintiffs as trustees lacked standing to sue the board, that the complainants were not proper parties of record to the proceeding, and that they were not adversely affected by the board's decision. Other named defendants joined in Hodge's motion to dismiss.

Without having a record of proceedings before it, the trial court granted the motion to dismiss, finding that the board "alone is charged with the duty of protecting and defending the funds"; and that plaintiffs as taxpayers, residents of the city of Batavia, or trustees were not proper parties to institute an action seeking reversal of the board's decision. Plaintiffs appeal.

■■ ■ Since, before answering, the defendants moved to dismiss the complaint on the basis that plaintiffs lack standing to obtain administrative review, we are in the position of not having the record of the administrative agency before us. As a general rule, where a complainant's status as a party of record is raised, the court cannot determine that question absent the record. (See *Pisano v. Giordano* (1982), 106 Ill. App. 3d 138, 140-41.) It appears, however, that the particular question before this court can be decided without the transcript of proceedings since it is apparent from the pleadings that the plaintiffs

were present at the hearing before the administrative agency in their official capacity as trustees.

The plaintiffs argue that they were parties of record as members of the board and that the Administrative Review Act does not further condition their right to appeal except to require that they be parties. They also argue that they were adversely affected by the decision of the administrative agency, individually, as members of the pension fund and as taxpayers and, thus, that they had a sufficient interest to permit them to appeal.

■ The right to review an administrative decision is limited to parties of record before the agency whose rights, duties or privileges have been adversely affected by the decision. (*Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 486.) In *Speck,* the Illinois Supreme Court held that a zoning board of appeals was not a "party" authorized to appeal the reversal of its decision by the circuit court because its duties as the board of appeals under the Chicago zoning ordinance empowered it to conduct hearings and to render decisions, thus giving it an adjudicatory or quasi-judicial capacity. The court also noted that the board was not expressly empowered under the ordinance to act as advocate for the purpose of prosecuting appeals. 89 Ill. 2d 482, 485.

The plaintiffs argue that the Pension Code, unlike the zoning ordinance in *Speck,* does give them the right to appeal.

■ It is true, as *Speck* indicates, that a substantive statute, such as the pension code, could provide that persons who were not parties to the administrative proceeding may be allowed to appeal. (See, *e.g.,* Ill. Rev. Stat. 1981, ch. 24, par. 11—13—1 *et seq.,* providing that under the Zoning Act property owners entitled to notice but not served may appeal.) We are not persuaded, however, that the Pension Code provides a basis for the plaintiffs to appeal the administrative decision. The provision of the Pension Code which plaintiffs rely upon is that giving the board the power and duty "to control and manage the pension fund." (Ill. Rev. Stat. 1981, ch. 108½, par. 4—123.) This, they claim, allows dissenting members of the board to prosecute appeals. We cannot agree. First, the duties under the Pension Code are stated as those of the board, not of the individual members. (Ill. Rev. Stat. 1981, ch. 108½, par. 4—122.) This is in keeping with the usual rule that members of an administrative board are powerless to act except as a board. (*Hotchkiss v. City of Calumet City* (1941), 377 Ill. 615, 620-21.) Further, nowhere in the Pension Code do we find an express authorization of appeals by individual members of the pension board; and we are not persuaded that the language which gives the board certain powers and duties can be stretched to authorize individual

members of the board to seek review of the administrative decision of the board as a whole.

We also do not agree with the further argument of plaintiffs that section 8 of the Administrative Review Act additionally gives the board members the right to seek administrative review. The section states, "the administrative agency and all persons, *other than the plaintiff,* who were parties of record to the proceeding before the administrative agency shall be made defendants." (Plaintiffs' emphasis.) (Ill. Rev. Stat. 1981, ch. 110, par. 271.) The provision that parties of record before the administrative agency may sue as plaintiffs and need not sue themselves as defendants does not assist us in determining whether the individual board members can sue as plaintiffs.

■■ The argument of the plaintiffs, that since the Administrative Review Act gives parties a right to appeal and does not specifically exclude members of the board we should not go beyond the language of the statute, ignores established case law. Absent a provision in the substantive law, the Administrative Review Act requires that the parties also have an adverse interest, that is, that their rights, duties or privileges have been adversely affected by the decision. (See, *e.g., Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 486.) Plaintiffs are members of a board which exercises quasi-judicial powers to hear and decide (*cf. Eddy v. People ex rel. Welter* (1905), 218 Ill. 611, 616; see also Ill. Rev. Stat. 1981, ch. 108½, par. 4—125); the decision of the board is judicial also in the sense that the board cannot be said to represent one party as against another. *Cf. Inter-State Water Co. v. City of Danville* (1942), 379 Ill. 41, 51.

■■ ■ The prevailing view under State administrative procedure acts is that dissenting members of an agency which is quasi-judicial in nature have no standing to challenge in court the final decisions of the agency. (See generally, Davis, *Standing of a Public Official to Challenge Agency Decisions: A Unique Problem of State Administrative Law,* 16 Admin. L. Rev. 163 (1964); see, *e.g., Cohen v. Board of Selectmen* (Me. 1977), 376 A.2d 853, 855-56; *McTaggart v. Public Service Com.* (1975), 168 Mont. 155, 158, 541 P.2d 778, 780; *State ex rel. Basista v. Melcher* (1963), 118 Ohio App. 37, 47, 188 N.E.2d 293, 299; see also *Iowa Department of Revenue v. Iowa State Board of Tax Review* (Iowa 1978), 267 N.W.2d 675, 678-79.) Thus the plaintiffs, acting as constituent members of the administrative agency, who served as fact finders on the board, were not parties of record appearing before the board, but were themselves part of the decision-making process. Since the only interest the plaintiffs could be said to have in the proceeding is to decide the application fairly and impartially, it cannot

be said that the board members are aggrieved by the decision any more than is the board which itself is not a "party." See *Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 486.

Plaintiffs rely on *Quinn v. Retirement Board of Firemen's Annuity and Benefit Fund* (1972), 7 Ill. App. 3d 791. In *Quinn* the retirement board heard an administrative review claim brought by Quinn, who was the fire commissioner of the city, to accept his payment to the fund so that his pension would be based upon his actual salary as commissioner rather than on his civil service grade. The eight-member board of trustees by a four-to-four vote refused to accept the payment. The trial court reversed that decision and directed the board to accept payment from Quinn. The four members of the board who voted against accepting Quinn's payment then prosecuted an appeal to the appellate court. That court, in permitting the appeal over a question raised as to the standing of the four members of the board, recognized that members of an administrative board are powerless to act except as a board and that to appeal from an adverse decision one must have some special personal interest directly and materially affected by that adverse decision. (7 Ill. App. 3d 791, 796.) The reviewing court concluded that, since a majority vote was necessary to obtain any action by the board, the four votes cast by the appellants to reject plaintiff's petition for relief became the decision of the board; and that since that decision was reversed by the order of the circuit court it would not be in the interest of justice to foreclose them from obtaining review of the order, citing *Nott v. Wolff* (1960), 18 Ill. 2d 362. We do not believe that *Quinn* is controlling as there the final administrative decision was that of the four members who were appealing from the circuit court; and they were seeking to uphold, not overturn, a decision of the board.

■ The plaintiffs have also argued that, as individuals, they have an adverse interest in their individual capacity as firemen represented on the board and as taxpayers. While we do not have a record before us from which it could appear that they were parties in that capacity, it is obvious that they were only participating in the administrative proceedings as members of the board acting in its quasi-judicial capacity. The fact that they may have had some other interest apart from being members of the board would only suggest that they should not then have been sitting as members of the board who are required to make impartial findings. Accord, *Cohen v. Board of Selectmen* (Me. 1977), 376 A.2d 853, 855; *McTaggart v. Public Service Com.* (1975), 168 Mont. 155, 158, 541 P.2d 778, 780.

The plaintiffs further argue that, unless they are allowed to chal-

lenge this decision allowing a claim against the pension fund which they deem improper, they will be deprived of any remedy. As we have noted, plaintiffs have only made the general conclusion that they will be damaged. There has been no showing that the fact the applicant will receive a pension affects the present pension being received by the plaintiff Beckman nor the pension which may be received by Hadley when he retires. In any event, however, if the claim of the applicant could be said to deplete the fund, as to which there is no evidence, the city of Batavia, which was a party, could have adequately safeguarded the plaintiffs' interests if there were a necessity to appeal. (See *Peterson v. Board of Trustees* (1971), 5 Ill. App. 3d 180, 183, *aff'd* (1973), 54 Ill. 2d 260.) Accordingly, the judgment is affirmed.

Judgment affirmed.

REINHARD and HOPF, JJ., concur.