RICHARD ZIENTARA, Plaintiff-Appellee, v. THE LOTTERY CONTROL BOARD, Defendant-Appellant.

First District (1st Division)   No. 1—89—2474

Opinion filed June 3, 1991.

Roland Burris, Attorney General, of Springfield (Robert Ruiz, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellant.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Alvin R. Becker and Howard A. London, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The Illinois Lottery Control Board (the Board) appeals from an order of the circuit court of Cook County on administrative review which reversed its decision to deny Richard Zientara (plaintiff) accrued interest as a result of a delay in payment on the first installment of a winning Lotto ticket. The Board contends that (1) the circuit court lacked subject-matter jurisdiction over the matter because plaintiff failed to name and serve summons upon Sharon Sharp, the Director of the Department of the Lottery (the Director); (2) no statutory authority exists to permit an award of interest on the lottery winnings; and (3) any payment of interest would violate the doctrine of sovereign immunity.

Following the announcement of the April 7, 1984, Illinois Lotto prize of $1,696,800, plaintiff, an Indiana resident, commenced litigation in the Porter Superior Court of Indiana against Chester and Bernice Kaszuba, the individuals in possession of the winning ticket. During the course of the Indiana proceedings, the Department of the Lottery (the Department) retained possession of the $84,844 first installment payment on the winning ticket, despite an order from the Indiana Superior Court directing the "State of Illinois Lottery Division" to pay the proceeds to the clerk of its court. Great-West Life Assurance Company, the company contracting with the Illinois Lottery Commission (the Commission) to make installments subsequent to the Department's payment of the initial installment, paid the second and third past-due installments without interest into the registry of the clerk of the Indiana Court, whereupon the Indiana Court absolved it from any further liability. At the culmination of the litigation in the

Indiana Supreme Court on April 6, 1987, plaintiff was declared the rightful owner of the proceeds.

Plaintiff thereafter made a claim to the Department for the first installment of the Lotto prize. The Department notified plaintiff's attorney by letter that it would not process the lottery payment until registration of the Indiana judgment in Illinois and until receipt of an order dismissing an action which had been filed by the Kaszubas in the circuit court of Cook County. The letter further indicated that no interest would be paid on the installment. The Department paid plaintiff the first lottery installment after the Kaszuba action was dismissed and the Indiana judgment was registered in Cook County.

In response to plaintiff's requests for interest on the principal sum of the first installment, the General Counsel for the Department informed plaintiff in another letter, dated August 17, 1987, that he was not entitled to interest. Plaintiff then filed a complaint for administrative review of "a decision of the Illinois Lottery Control Board of August 17, 1987," in the circuit court of Cook County, naming as defendant, and serving summons upon, the Board. The circuit court entered an order retaining jurisdiction over the matter but remanding the case to the Board for a formal administrative hearing.

A Department hearing officer, following an administrative hearing, recommended that plaintiff's request for interest be denied. Plaintiff pursued an appeal to the Board, and the Board recommended that the Director adopt the hearing officer's decision. On October 25, 1988, the Director adopted the decision of the hearing officer and the Board.

Plaintiff filed an amended complaint for administrative review in the circuit court on November 10, 1988, naming only the Board as defendant. The complaint stated that "[o]n October 25, 1988, the Director of the State of Illinois, Department of the Lottery, entered her final administrative decision denying the claim of plaintiff" and requested that the "order and decision of the Illinois Lottery Control Board be reversed and that an order be entered directing an award of interest to be paid to [p]laintiff to compensate him for delay in payment from April 7, 1984, to August 27, 1987."

The circuit court entered an order on February 10, 1989, reversing the decision of the Board as contrary to the law and remanding the case to the Board to award plaintiff interest on the $84,844 installment from the date the Kaszubas first asserted their claim to the winnings until August 27, 1987. The court retained jurisdiction and also found no just reason to delay enforcement of the appeal under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The appellate court dismissed

the Board's appeal on the ground that the circuit court's order was not a final and appealable order.

Pursuant to the circuit court's February 10, 1989, order, a hearing was held before the Board. On May 19, 1989, the Board issued a recommended decision that $21,890.17 represented the earnings on the installment from the date of the claim on April 9, 1984, until August 27, 1987. The Director issued her decision on June 30, 1989, stating:

"Although I believe the findings of the Lottery Control Board to be incorrect, to comply with the Circuit Court's Order of February 10, 1989, I am attaching the Lottery Control Board's findings to this decision so as to provide the requisite finality in this matter for purposes of appeal."

Plaintiff subsequently moved for the entry of the $21,890.17 judgment in the circuit court, naming "the Department of the Lottery" as defendant. On August 11, 1989, the circuit court entered an order confirming the Board's decision of May 19, 1989, adopted by the Director on June 30, 1989, and ordering the Department to pay plaintiff $21,890.17.

Thereafter, "[d]efendant SHARON SHARP, Director of the Illinois Department of Lottery, move[d] [the circuit] court for clarification" of its August 11, 1989, order. The motion asserted that the circuit court had actually reversed the Director's decision and adopted the Board's decision. On August 25, 1989, the court entered an order, under the caption "Zientara v. Sharon Sharp, Director, Illinois State Lottery," reversing the decision of the Director as follows:

"[T]his court, being fully advised in the premises, orders that the decision of Sharon Sharp, defendant, is reversed because it is against the manifest weight of the evidence. Judgment is entered against defendant directing payment to plaintiff in the amount of $21,890.17."

Initially, this court is compelled to admonish the Commission for its bad faith. "Many people, who may not otherwise spend their hard-earned money, trust that a State-run lottery will be fair. The State should be beyond reproach in something like this because it is important for people to have faith in their government." (*Smith v. Jones* (1986), 113 Ill. 2d 126, 136, 497 N.E.2d 738, 742 (Clark, J., dissenting, joined by Simon, J.).) Although under Illinois case and statutory law we find that the Commission prevails, this protracted litigation could have been avoided by the Commission through the performance of one simple act. Had the Commission deposited the first installment payment with the clerk of the court registry in Indiana as the July 17, 1985, order of the Porter County Superior Court authorized or, in the

alternative, filed an interpleader action in the circuit court of Cook County, depositing the disputed installment with the court, this litigation would have been unnecessary.

On appeal, the Board contends that the circuit court never acquired its special statutory jurisdiction on administrative review of plaintiff's action because plaintiff failed to meet the procedural requirements of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) by omitting to name the Director as a defendant and to serve summons upon her. Specifically, the Board asserts that plaintiff, by his omission, failed to comply with section 3—107 of the Administrative Review Law, which provides:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1987, ch. 110, par. 3—107.)

Plaintiff responds that he satisfied section 3—107 by naming the Board as the sole defendant because the Director was not a necessary defendant since she reviewed the Board's determination as supervisor of the independent Board, rather than a "part[y] of record to the proceedings before the administrative agency."

■ We preliminarily note that plaintiff improperly focuses on whether the Director is a "part[y] of record" to the administrative proceedings instead of whether she is the "administrative agency" required to be made a defendant under section 3—107. Section 3—101 of the Administrative Review Law defines "Administrative Agency" as "*a person*, body of persons, group, officer, board, bureau, commission or department *** of the State *** having power under law to make administrative decisions." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 3—101.) Inasmuch as the Director entered a decision in the administrative proceedings, in issue here is whether she is the "administrative agency" contemplated in section 3—107. In contrast, the case relied on by plaintiff as analogous to the situation at hand, *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, involved the question of whether the Chicago police superintendent who filed the charges against the officer was a party to the administrative proceeding from which the police board rendered the final administrative decision.

■ To further aid its definition of "administrative agency" in section 3—101, the Administrative Review Law defines "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case which affects the legal rights,

duties of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1987, ch. 110, par. 3—101.) Our supreme court, in *Cuny v. Annunzio* (1952), 411 Ill. 613, 616-17, 104 N.E.2d 780, 782, has interpreted identical provisions under the Administrative Review Act (Ill. Rev. Stat. 1945, ch. 110, pars. 264, 271) to mean that it is the final decision maker who acts as the administrative agency when entering the administrative decision and who is the "administrative agency" required to be made a defendant.

The appellants in *Cuny* named only the Director of Labor of the State of Illinois in seeking "review of a decision of the Board of Review and said Director of Labor" on a claim for unemployment compensation. The court, after noting that the relevant statutory provision provides that it is the decision of the Board of Review which terminates the proceedings within the Department of Labor and from which review lies to the circuit court, concluded: "[W]hile the Board of Review may be a division or arm of the Department of Labor ***, it is the Board which acted as the administrative agency and entered the administrative decision, and is the party contemplated by *** the Administrative Review Act." *Cuny*, 411 Ill. at 616-17, 104 N.E.2d at 782.

■ Turning to the pertinent statutory provisions at issue in the case at bar, plaintiff asserts that, under the Illinois Lottery Law (the Act) (Ill. Rev. Stat. 1987, ch. 120, par. 1151 *et seq.*), only the Board has the authority to conduct hearings and the Director acts merely in a supervisory capacity in reviewing the Board's decision. Section 4 established the Department of the Lottery to "implement and regulate the State Lottery in the manner provided in [the] Act." (Ill. Rev. Stat. 1987, ch. 120, par. 1154.) Section 6 "created an independent board to be known as the Lottery Control Board" (Ill. Rev. Stat. 1987, ch. 120, par. 1156), and section 5 provides that "[t]he Department of the Lottery shall be under the supervision and direction of a Director of the Lottery" (Ill. Rev. Stat. 1987, ch. 120, par. 1155). The Act further provides that the Director "shall direct and supervise all its administrative and technical activities" and that "[t]he Board shall conduct hearings upon complaints charging violations of this Act or of regulations thereunder."[1] Ill. Rev. Stat. 1987, ch. 120, pars. 1157.3, 1159.

While plaintiff has correctly construed the statutory authority granted by these provisions, the Board points out that he has ignored

[1]Effective January 1, 1989, the Act was amended to provide: "The Board shall designate Hearing Officers who shall conduct hearings upon complaints ***. The Board may hear appeals from the recommended decisions of its Hearing Officers ***." Ill. Rev. Stat. 1989, ch. 120, par. 1157.3.

the effect of the Department's rules pertaining to its administrative decision-making process. The Department rules, the Board asserts, establish that Director Sharp, in her official capacity as Director of the Department, is the final decision maker in the administrative process within the Department.

■ The legislative provision granting the Board authority to conduct hearings, section 7.3 of the Act, expressly indicates that the authority would be exercised in conjunction with the Department rules. (Ill. Rev. Stat. 1987, ch. 120, par. 1157.3.) Another provision in the Act also provides that "[t]he Department shall promulgate such rules and regulations governing the establishment and operation of a State lottery as it deems necessary to carry out the purposes of this Act." Ill. Rev. Stat. 1987, ch. 120, par. 1157.1.

■ The Department rules establish an appeal process to be applied "to all hearings, except rulemaking hearings, conducted by the Department, *** the Board, or any hearing officer appointed by the Director, under the authority of Section 7.3." (11 Ill. Adm. Code §1700.10(a).) Three stages comprise the appeal process: a hearing before a hearing officer appointed by the director, a review of the record before the Board, and a final appeal to the Director. (11 Ill. Adm. Code §§1700.10(b) through (e) (Supp. 1988).) In reviewing the record of the case, the Board "make[s] recommendations to the Director," from which a party may make "a final appeal to the Director" by noting "exceptions to the recommendations of the Board." (11 Ill. Adm. Code §§1700.10 (d), (e) (Supp. 1988).) Finally, "[a]ny party adversely affected by a final decision or order of the Director may obtain judicial review as provided by the Administrative Review Law." 11 Ill. Adm. Code §1700.10(f) (Supp. 1988).

■ The unequivocal mandate of the above Department rules is that it is the decision of the Director which is the final administrative decision reviewable under the Administrative Review Law and which terminates the proceedings within the Department; the Board only makes recommendations to the Director. Because the Illinois Lottery Law expressly provides for the enactment of such rules and because administrative rules have the force and effect of law (see *Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 58, 387 N.E.2d 320, 323), the rules are dispositive of the question of whether the Director, in her official capacity as Director of the Department, is the final decision maker in the administrative process within the Department.

■ Plaintiff's reliance on *Hadley v. Board of Trustees of Firemen's Pension Fund* (1983), 113 Ill. App. 3d 866, 447 N.E.2d 958, as

supporting his conclusion that the Director is not a necessary party, is misplaced. In *Hadley,* the appellate court found that two members of the Board of Trustees of the Firemen's Pension Fund of the City of Batavia, who dissented from a decision by the Board, did not have standing to seek judicial review under the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 271). The court held that the two members were not parties of record as members of the administrative agency, but acted as constituent members of the administrative agency. (*Hadley,* 113 Ill. App. 3d at 870-71, 447 N.E.2d at 962.) The Director, in contrast, is not a constituent component of the decision-making process of the Board; she is the final decision maker from whom administrative review must be sought.

Having determined that Director Sharp is a necessary defendant to this action, we consider now the effect of plaintiff's failure to name Director Sharp as a defendant in his complaint for administrative review. Both parties, citing the supreme court decision in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, advise us that the failure to comply with section 3—107's requirement of naming necessary defendants deprives the court of subject-matter jurisdiction.

■■ ■ It has generally been held that when a court's jurisdiction is a special statutory jurisdiction, as that conferred upon the circuit court by the Administrative Review Law here, its jurisdiction is limited to the language of the act conferring it and cannot be acquired unless the mode of procedure prescribed by statute is strictly pursued. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893, 896.) The Administrative Review Law's requirement in section 3—103 that a complaint be filed within 35 days from the date of the administrative decision has repeatedly been found to be a jurisdictional requirement; section 3—103's 35-day time limit for the issuance of summons, on the other hand, has been held to be a mandatory requirement, noncompliance with which will not deprive the court of jurisdiction. (Ill. Rev. Stat. 1987, ch. 110, par. 3—103; *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382, 454 N.E.2d 652, 654.) Failure to comply with the summons period, however, will result in dismissal unless a litigant shows a good-faith effort to issue summons within the 35-day period. *City National Bank,* 97 Ill. 2d at 382, 454 N.E.2d at 654-55; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04, 451 N.E.2d 842, 844.

■■ The Illinois Supreme Court has long held that the requirement of naming all necessary defendants in a complaint for adminis-

trative review is "mandatory and specific, [admitting] of no modification." (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864, 869; *Cuny*, 411 Ill. at 617, 104 N.E.2d at 782.) Although section 3—107 does not specify a time limit for naming all necessary defendants, it interrelates with section 3—103's requirement to issue summons within 35 days and section 3—105's requirement to serve summons on each of the defendants. Ill. Rev. Stat. 1987, ch. 110, pars. 3—103, 3—105, 3—107.

In *Lockett*, the supreme court addressed the question of whether the failure to join a necessary party and to issue summons within the 35-day period could be cured by amendment. The circuit court there had dismissed the appellee's complaint after the expiration of the 35-day period and denied the appellee's motion to amend the complaint to join the necessary defendant. The supreme court, after noting the jurisdictional/nonjurisdictional distinction between the 35-day time limit for filing a complaint and the 35-day time limit for issuance of summons, stated:

> "In the present case, there is no dispute that the superintendent was not named as a defendant and that summons was not issued on him within the 35-day period. Appellee has not offered, and our review of the record fails to disclose, any evidence of a good-faith effort to comply with the requirements of the act. (See Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—105, 3—107.) Accordingly, we find that the complaint for administrative review was properly dismissed by the circuit court.
>
> We are aware that the appellate court has held a failure to name and issue summons against necessary parties within the 35-day time limit can be cured by subsequent amendment. (See, *e.g.*, *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582.) To the extent those cases conflict with our holding today, they are overruled." (*Lockett*, 133 Ill. 2d at 355-56, 549 N.E.2d at 1269.)

Contrary to the parties' averment here, the *Lockett* court did not indicate that a failure to name a necessary defendant as required under section 3—107 would deprive the court of jurisdiction and, in fact, had earlier cited *Winston* (407 Ill. at 595, 95 N.E.2d at 869) for the proposition that the requirement was "mandatory and specific, and admits of no modification." (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) Our research has disclosed no supreme court decision which has found the requirement to be jurisdictional, and numer-

ous appellate courts have viewed the requirement as nonjurisdictional (*Massoud v. Board of Education of Valley View Community District No. 365—U* (1981), 97 Ill. App. 3d 65, 422 N.E.2d 236; *Norris v. City of Aurora* (1978), 64 Ill. App. 3d 748, 381 N.E.2d 996; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316; *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866, 496 N.E.2d 276; but see *Lewis v. Trainor* (1977), 51 Ill. App. 3d 180, 366 N.E.2d 579). We do not interpret *Lockett*, therefore, as holding that section 3—107 is a jurisdictional requirement.

The court's above-cited discussion of the good-faith exception, which has been historically applied to the 35-day summons requirement, requires a further interpretation of its holding. At first glance, the court's inclusion of the statutory citation of section 3—107 in its discussion of the good-faith exception appears to extend the exception to the mandatory requirement to name all necessary defendants. A different view of the court's focus on the good-faith exception, however, may be gleaned from an examination of the procedural posture of the case. Unlike plaintiff's failure here to join the necessary defendant before the circuit court's final judgment in clear noncompliance with section 3—107, the appellee in *Lockett* had moved to amend the complaint after expiration of the 35-day summons period but before final judgment in an attempt to comply with section 3—107's literal requirement to name all necessary defendants. Thus, the appellee there was barred from amending the complaint, not because of noncompliance with section 3—107, but based upon the interrelationship between its requirement to name all necessary defendants and the 35-day time limit for issuance of summons on each defendant. It was necessary, therefore, for the court to focus on the good-faith summons exception to determine if the appellee had complied with the summons requirement.[2]

The above notwithstanding, it is not necessary that we determine the correct interpretation of *Lockett* as to this issue because no evi-

---

[2]The previous appellate court decisions to which the court refers had conflicted with the court's strict application of the good-faith exception as the single exception to the mandatory summons requirement by applying provisions of the Civil Practice Act (see Ill. Rev. Stat. 1969, ch. 110, pars. 26, 46(1), 277; Ill. Rev. Stat. 1985, ch. 110, par. 1—108) to allow amendment to add necessary parties after expiration of the 35-day period. *Bradshaw*, 145 Ill. App. 3d 866, 496 N.E.2d 276; *Dendor*, 11 Ill. App. 3d 582, 297 N.E.2d 316; see also *Massoud*, 97 Ill. App. 3d 65, 422 N.E.2d 236; *Norris*, 64 Ill. App. 3d 748, 381 N.E.2d 996.

dence exists in the case at bar that plaintiff made any effort to either name the Director as a defendant or to serve summons on her.

Our interpretation of *Lockett* to mean that the requirements of naming all necessary defendants and serving summons on them within the 35-day period are not jurisdictional raises the further issue of whether the requirements may be deemed waived here by the Board's failure to object in the circuit court to the omission of these requirements and by the Director's interjection of herself into the circuit court proceedings when she filed a motion for clarification of the circuit court's final judgment.

■■ In *Cuny* (411 Ill. at 617, 104 N.E.2d at 782), the supreme court found there could be no waiver of the statutorily imposed mandatory duty to name all necessary defendants on the ground that a named defendant made no objection thereto and the necessary defendant failed to make an appearance at the administrative review. Our research has disclosed no cases finding any other circumstances to justify a waiver of this mandatory duty imposed upon the party seeking review; and, as previously stated, courts have emphasized that this mandatory requirement admits of no modification. Thus, we decline to find that Director Sharp's interjection of herself into the proceedings waived the mandatory duty imposed upon plaintiff to name her as a defendant and to serve summons on her, especially since the interjection occurred subsequent to the circuit court's ruling on the merits of the case.

Accordingly, the order of the circuit court of Cook County is reversed and the decision of the Director of the Department is reinstated.

Reversed.

MANNING, P.J., and CAMPBELL, J., concur.