CHARLES CHIAKULAS, Plaintiff-Appellant, v. THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Defendant-Appellee.

First District (2nd Division)   No. 1—91—1296

Opinion filed December 8, 1992, *nunc pro tunc* September 29, 1992.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Mark Heyrman, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff was committed to the Department of Mental Health and Developmental Disabilities (the Department) and placed at the Elgin Mental Health Center (Elgin Center). He was transferred from the Elgin Center to the Chester Mental Health Center (Chester Center). Plaintiff objected to the transfer and appealed the decision to the Director of the Department. The Director upheld the transfer. Plaintiff filed a complaint for administrative review, in the circuit court of Cook County. The court dismissed the complaint because plaintiff failed to name the Director as a party-defendant. This appeal followed.

On appeal, plaintiff contends that the trial court erred in dismissing his complaint for administrative review because of his failure to name the Director of the Department as a party-defendant.

We affirm the judgment of the circuit court finding that the Director of the Department was a necessary party to plaintiff's lawsuit.

Plaintiff was committed to the custody of the Department on March 3, 1987. He was initially confined at the Elgin Center, but on April 26, 1990, plaintiff was transferred to the Chester Center. Plaintiff filed a written objection to his transfer on that same day.

On May 17, 1990, a utilization review committee (the committee) held a hearing on plaintiff's objection to his transfer. On May 22, 1990, the committee recommended that the facility director affirm plaintiff's transfer. The facility director agreed with the committee's recommendation. Plaintiff filed an appeal with the Director of the Department. The Director affirmed the recommendation.

Plaintiff filed a complaint for administrative review naming the Department as the only defendant. The Department filed a motion to

dismiss on January 29, 1991, arguing that the court lacked jurisdiction because plaintiff failed to name the Director of the Department as a party-defendant. After the hearing, the court granted defendant's motion to dismiss. The court found that the Director was a necessary party to the suit because the Director made the final administrative decision which allowed plaintiff to seek administrative review in the circuit court.

■ Plaintiff contends that the trial court erred in dismissing his complaint because he named the only necessary party, the Department, as the party-defendant. Defendant argues that the Director was a necessary party and should have been named as a party-defendant pursuant to section 3—107 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 3—107), which provides:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

"The requirement that all adverse parties of record to the administrative proceeding shall be made defendants on review is mandatory and specific, and admits of no modification." (*Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588, 595, 95 N.E.2d 864.) Plaintiff argues that the Director cannot be considered a party of record because he never contested or defended the decision to transfer plaintiff. He further argues that in performing his function as Director of the Department, the Director merely represented the Department in making the final decision under review.

■ It appears that plaintiff "improperly focuses on whether the Director is a 'party of record' to the administrative proceedings instead of whether [he] is the 'administrative agency' required to be made a defendant under section 3—107." (*Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 966, 574 N.E.2d 747.) Administrative agency is defined in relevant part as "a person, body of persons, group, officer, board, bureau, *** of the State *** having power under law to make administrative decisions." (Ill. Rev. Stat. 1989, ch. 110, par. 3—101.) An administrative decision

> "means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1989, ch. 110, par. 3—101.)

"Inasmuch as the Director entered a decision in the administrative proceedings, in issue here is whether [he] is the 'administrative agency' contemplated in section 3—107." *Zientara*, 214 Ill. App. 3d at 966.

Plaintiffs in *Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780, filed a complaint seeking administrative review of a decision of the Board of Review of the Department of Labor. The Board of Review was not named as a party-defendant, but plaintiffs did name the Director of the Department of Labor. The Director moved to dismiss the appeal due to the plaintiffs' failure to join the Board of Review and an employee who initiated the proceedings as necessary parties. The supreme court found that the Board of Review was a necessary party, noting that the Board's decision terminated the proceedings within the Department of Labor and was the party contemplated by section 8 (now section 3—107) of the Administrative Review Law. *Cuny*, 411 Ill. at 617.

*Cuny* was recently followed in *Zientara*, where plaintiff filed a complaint in administrative review against a decision from the Department of Lottery. The Department of Lottery was the only party named. The appellate court held that the Director was a necessary party because the Director's decision was the final administrative decision reviewable under the Administrative Review Law and terminated the proceedings within the Department. *Zientara*, 214 Ill. App. 3d at 968.

■ The instant case is similar to *Zientara* because in this case, the Director's decision, which was the final one, allowed plaintiff to seek administrative review in the circuit court. The Director of the Department in this case is the "administrative agency" contemplated by section 3—107 of the Administrative Review Law. Ill. Rev. Stat. 1989, ch. 110, par. 3—107.

Plaintiff argues in his reply brief that *Zientara* is not identical to the instant case because the regulations in *Zientara* specifically indicated that the Director should be considered the administrative agency for purposes of administrative review. Section 6—101 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1989, ch. 91½, par. 6—101), which is the applicable regulation in this case, does not state that the Director's decision is reviewable. The statute states that the Department's decision or the decision of the Board of Reimbursement Appeals is reviewable. However, plaintiff appears to overlook the relationship between section 3—107 and section 3—101 of the Administrative Review Law. An administrative agency can be a person who has the power to make administrative decisions.

Administrative decisions are any decisions which affect the "legal rights, duties or privileges of parties and which terminates [*sic*] the proceedings before the administrative agency." (Ill. Rev. Stat. 1989, ch. 110, par. 3—101.) In the case at bar, the Director made a decision that affected plaintiff and that also terminated the proceedings before the administrative agency. Consequently, the Director was a necessary party to the suit.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

SCARIANO and DiVITO, JJ., concur.