MAZUREK PHARMACY, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID, Defendant-Appellee.

First District (6th Division)    No. 1—93—3625

Opinion filed December 16, 1994.

Richard E. Friedman, of Rosenthal & Schanfield, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and John E. Huston, Special Assistant Attorney General, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

In July 1993, plaintiff, Mazurek Pharmacy, filed a complaint in the circuit court of Cook County seeking judicial review of a decision of defendant, the Illinois Department of Public Aid (Department), to terminate its eligibility to participate as a provider in the Illinois medical assistance program. Plaintiff named the Department as the sole defendant in the action. The summons was mailed to the Department, in care of the Acting Director at the Department's Springfield, Illinois, address. The Department moved to dismiss the complaint for failure to name the Department's Acting Director, Robert W. Wright, as a defendant in the action. The trial court ruled that the Acting Director was a necessary party who should have been named as a defendant in the complaint. Relying on our supreme court's decision in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, the court held that plaintiff could not amend its complaint to add the Acting Director as a party, and thus granted the Department's motion to dismiss. It is from this order that plaintiff now appeals.

The record reveals the following relevant facts. After conducting an extensive audit of plaintiff's business records, the Department filed a statement of grounds charging plaintiff with failure to keep original prescriptions for drug items which plaintiff claimed it had dispensed to participants of the medical assistance program. As a result of its audit findings, the Department sought to terminate plaintiff's eligibility to participate as a provider in the program and to recover money which it had overpaid to plaintiff. A hearing was conducted before an administrative law judge (ALJ), who recommended that plaintiff's eligibility to participate in the program be terminated and that it be ordered to repay the Department $104,353. The ALJ's recommendations were submitted to the Acting Director, who adopted the ALJ's findings of fact, conclusions and recommendations. The Acting Director notified plaintiff of this decision in a letter which plaintiff received on July 19, 1993. The Acting Director was in no manner involved in the filing of the statement of grounds against plaintiff and was not a participant in the administrative proceedings conducted before the ALJ.

■ The procedural requirements for judicial review of an administrative decision are governed by the Administrative Review Law (735 ILCS 5/3—101 et seq. (West 1992)). In *Lockett*, our supreme court noted that, "[s]ince the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application." (*Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267.) Section 3—103 of the Administrative Review Law dictates that an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (735 ILCS 5/3—103 (West 1992).) Summons must be issued on the administrative agency itself and on all defendants. 735 ILCS 5/3—105 (West 1992).

In relevant part, section 3—107 of the Administrative Review Law states:

"(a) Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3—107 (West 1992).

Section 3—101 of the Administrative Review Law defines "administrative agency" as:

"[A] person, body of persons, group, officer, board, bureau, commission or department (other than a court or judge) of the

State, or of any political subdivision thereof or municipal corporation therein, having power under law to make administrative decisions." (735 ILCS 5/3—101 (West 1992).)

Section 3—101 defines "administrative decision" as:

"[A]ny decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 1992).

The Department contends that its Acting Director was the "administrative agency" in this case, since it was he who issued the final administrative decision, and that the Department itself was merely a party of record to the administrative proceedings. Thus, the Department argues, in addition to it being named as a defendant in plaintiff's complaint, the Acting Director was also required to be named. Plaintiff argues, on the other hand, that it was the Department which issued the final administrative decision and the Acting Director was merely acting as agent for the Department in adopting the ALJ's findings of fact, conclusions and recommendations and notifying him of such in his July 1993 letter. Accordingly, plaintiff argues, the Acting Director was not required to be named as a defendant in the complaint.

In *Pontiac Lodge No. 294 v. Department of Revenue* (1993), 243 Ill. App. 3d 186, 611 N.E.2d 62, the court was confronted with an issue similar to that which we face here. There, the defendant, Illinois Department of Revenue, argued that the trial court lacked jurisdiction to review its denial of a request by plaintiff, Pontiac Lodge No. 294, for a property tax exemption. The Department of Revenue contended that the trial court was without jurisdiction to review its decision because the plaintiff failed to name the Director of the Department as a defendant in the action. The Director affirmed the recommendation of an ALJ to uphold the Department's denial of plaintiff's request for the tax exemption.

In resolving the issue, the *Pontiac Lodge* court looked first to the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1991, ch. 120, par. 482 *et seq.*), which is the statute governing the assessment of property in Illinois and the levying and assessment of taxes. The court found that section 137 of that act "makes clear that the agency reviewing property exemption decisions by county boards of review is *the Department* [of Revenue]," not the *Director* of the Department, as the Department had argued. (Emphasis added.) (*Pontiac Lodge*, 243 Ill. App. 3d at 188, 611 N.E.2d at 64.) Section 137 states:

"Where review of an assessment has been made upon application

or where an exemption decision has been made by *the Department*, and notice has been given of *the Department's* decision, any party to the proceeding before the Department who feels aggrieved by such decision, shall file an application for hearing. \*\*\*

No action for the judicial review of any assessment or exemption decision of *the Department* shall be allowed unless the party commencing such action has first filed an application for a hearing and the Department has acted upon said application." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 120, par. 618.

The court in *Pontiac Lodge* also cited section 4 of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1991, ch. 127, par. 1 *et seq.*), which establishes the heads of the various departments of Illinois government. Section 4 provides that a department director "execute the powers and discharge the duties vested by law in his respective department." (Ill. Rev. Stat. 1991, ch. 127, par. 4.) The court concluded that this provision "merely gives the director the power to act as *agent* of the agency." (Emphasis added.) (*Pontiac Lodge*, 243 Ill. App. 3d at 188, 611 N.E.2d at 64.) On the basis of this section and section 137 of the Revenue Act, the court held that the Director of the Department of Revenue was merely "acting in this capacity in approving the recommendations of the ALJ." (*Pontiac Lodge*, 243 Ill. App. 3d at 188, 611 N.E.2d at 64.) The court concluded that the administrative agency issuing the final administrative decision was, in fact, the Department of Revenue, and not the Director.

The court distinguished the *Lockett* decision by noting that in *Lockett* the police superintendent whom the plaintiff failed to name in his complaint for administrative review took an active part in the administrative proceedings giving rise to plaintiff's action in the circuit court. In *Lockett*, the superintendent was the person who filed the charges against plaintiff which eventually led to his discharge. By contrast, the Director of Revenue in *Pontiac Lodge* took no part in the proceedings leading to the Department's decision to deny the plaintiff's request for a property tax exemption, other than to adopt the recommendation of the ALJ to uphold the decision.

■ We believe the analysis applied by the *Pontiac Lodge* court in deciding the issue of jurisdiction is a sound one and is equally applicable in the present case. Because the subject matter here concerns plaintiff's participation in this State's public aid system, the relevant statute to be examined is the Illinois Public Aid Code (305 ILCS 5/1—1 *et seq.* (West 1992)). Section 12—4.25 of the Public Aid Code makes clear that the one having the authority to deny, suspend or terminate the eligibility of an entity to participate as a provider of goods and services to recipients under the Illinois medical assistance

program is *the Department*, not the Director of the Department as the Department contends. Section 12—4.25 states:

"(A) The *Illinois Department* [of Public Aid] may deny, suspend or terminate the eligibility of any person, firm, corporation, association, agency, institution or other legal entity to participate as a vendor of goods or services to recipients under the medical assistance program *** if after reasonable notice and opportunity for a hearing *the Illinois Department* finds:

(a) Such vendor is not complying with the Department's policy or rules and regulations, or with the terms and conditions prescribed by the Illinois Department in its vendor agreement ***; or

(b) Such vendor has failed to keep or make available for inspection, audit or copying, after receiving a written request from the Illinois Department, such records regarding payments claimed for providing services. ***

* * *

(G) The provisions of the Administrative Review Law, as now or hereafter amended, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of *final administrative decisions of the Illinois Department under this Section.*" (Emphasis added.) 305 ILCS 5/12—4.25 (West 1992).

The record clearly evidences in the present case that it was the Department which initiated the proceedings against plaintiff to terminate its participation in the medical assistance program, and it was solely the Department which presented evidence against plaintiff in the proceedings before the ALJ. It is uncontroverted that the Acting Director took no part either in the initiation of the charges against plaintiff or in the administrative proceedings. His sole involvement in the action was to adopt the recommendations of the ALJ to terminate plaintiff's eligibility to participate in the program and to require repayment of the amount of money the Department alleged it had overpaid plaintiff. Bearing in mind the language of section 12—4.25, we believe that the Acting Director can only be viewed to have acted as agent for the Department in adopting the recommendations of the ALJ. In our view, section 12—4.25 makes clear that the final administrative decisionmaker with respect to issues concerning participation in the medical assistance program is the Department. Accordingly, it is the Department, and not the Acting Director, which is the "administrative agency" required to be named in plaintiff's complaint under the Administrative Review Law.

In this regard, we find it highly significant that the Acting

Director himself, in his letter to plaintiff notifying it that its eligibility to participate in the program had been terminated, stated in the final paragraph:

"This is the final and binding administrative decision of *the Illinois Department of Public Aid,* reviewable by a complaint filed within 35 days of the date of this letter under the Administrative Review Law (735 ILCS 5/3—101—5/3—112)."

The Department argues, however, that its own internal rules governing the administrative decisionmaking process within the Department establish that the Acting Director is the final decision-maker in the process and, as such, is the administrative agency required to be named in plaintiff's complaint. The Department points to a provision which states:

"The Director shall make a final decision in each case. The decision shall be in writing and contain findings of fact, and a final administrative decision." 89 Ill. Adm. Code § 104.295 (1994).

Although, standing alone, this provision would appear to support the Department's assertion that the Acting Director is the administrative agency, since he is responsible for making the final decision in each case, to accept the Department's view would necessitate our disregarding the relevant provisions of the Public Aid Code discussed above, which state unequivocally that the final administrative decision in matters concerning provider participation in the medical assistance program is made by the Department. To accept the Department's view would also require us to disregard other provisions of the Administrative Code which are in accord with the language of the Public Aid Code.

Section 104.208 of Title 89 of the Administrative Code, for instance, states:

"Section 104.208 Notice of Intent to Terminate, Suspend or Not Renew Provider Agreement

a) If *** *the Department of Public Aid* (Department) intends to terminate or suspend a vendor's eligibility to participate in the Medical Assistance Program, or terminate (or not renew) a vendor's provider agreement, it shall notify the vendor in writing, setting forth:

1) the reason for *the Department's* action.

* * *

c) The notice shall also inform the vendor, where applicable, that *the final administrative decision* of *the Department* could result in suspension for a specific period of time as well as termination." (Emphasis added.) 89 Ill. Adm. Code § 104.208 (1994).

Other relevant provisions of the Administrative Code also speak in terms of *the Department's* decisions with respect to denying, terminating or suspending a vendor's eligibility to participate in the medical assistance program and of recovering money from a vendor (see, *e.g.,* 89 Ill. Adm. Code §§ 140.14, 140.15, 140.16, 140.17 (1994)), further supporting our view that it is the Department, and not the Acting Director, which is the administrative agency required to be named in plaintiff's complaint under section 3—107 of the Administrative Review Law. Indeed, in its brief, the Department stated that "[t]he authority to terminate a provider's eligibility to participate in the [medical assistance] program and recover money overpaid is generally vested in the *Illinois Department of Public Aid.*" (Emphasis added.) This statement appears to us to be an acknowledgement by the Department that it is, in fact, an administrative agency within the meaning of the Administrative Review Law. As previously stated, an "administrative agency" is defined as an entity "having power under law to make administrative decisions" (735 ILCS 5/3—101 (West 1992)), and an "administrative decision" is "any decision, order or determination of any administrative agency *** which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (735 ILCS 5/3—101 (West 1992).) By the Department's own admission, it has power to make administrative decisions and, in fact, made such decisions in this case when it terminated plaintiff's eligibility to participate in the program and made a determination that plaintiff owed the Department $104,353. These two decisions undoubtedly affected plaintiff's legal rights and also terminated the proceedings before the Department.

Under the circumstances here, we can only conclude, as did the court in *Pontiac Lodge*, that the Acting Director merely acted as agent for the Department in approving the recommendations of the ALJ and notifying plaintiff of such. Since plaintiff named the Department as a defendant in its complaint and served it with summons within the applicable time frame (see 735 ILCS 5/3—103 (West 1992)), and since the Acting Director was not required to be named, we hold that the dismissal of plaintiff's complaint for administrative review was error.

The Department argues, however, that a holding reversing the trial court in this case would contradict the decision of this court in *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 574 N.E.2d 747. In *Zientara,* the court ruled that the trial court never

acquired jurisdiction on administrative review of the plaintiff's action because the plaintiff failed to name the Director of the Illinois Department of the Lottery as a party defendant and to serve summons upon her. As in this case, the *Zientara* court examined the applicable statutory provisions as well as relevant internal rules of the Department of the Lottery as codified in the Illinois Administrative Code. Unlike in this case, however, the court found that the Department's rules clearly and unequivocally specified that the final administrative decision reviewable under the Administrative Review Law is made by the Director in her official capacity as Director of the Department, and not merely as agent for the Department. *Zientara,* 214 Ill. App. 3d at 968, 574 N.E.2d at 752.

We believe the circumstances existing in *Zientara* are distinguishable from those in the present case. In *Zientara*, the court emphasized the three-tiered appeal process under which disputes must be resolved within the Department of the Lottery. The Department's rules allow a party to make a formal appeal to the Director. (11 Ill. Adm. Code §§ 1700.10(d), (e) (1994).) Additionally, the rules expressly state that "[a]ny party adversely affected by a *final decision* or order *of the Director* may obtain judicial review *as provided by the Administrative Review Law*." (Emphasis added.) 11 Ill. Adm. Code § 1700.10(f) (1994).

By contrast, the Department's rules in this case do not allow a party to make a formal appeal to the Acting Director. Nor do they contain unequivocal language like that in *Zientara* linking the final decision *of the director* to the mechanism of administrative review under the Administrative Review Law. Here, with the exception of the one provision in the Department's rules stating that the Director is to make a final decision in each case, the remainder of the rules harmonize with the language of the Public Aid Code which consistently speaks in terms of review of final administrative decisions of *the Department*. Further supporting this view is the Acting Director's own acknowledgement that the decision which adversely affected plaintiff was "the final and binding decision of the Illinois Department of Public Aid." When all of the relevant circumstances are considered in this case, the only fair and logical conclusion we can reach is that the Department, and not the Acting Director, is the administrative agency whom plaintiff was required to name in its complaint and to serve with summons within the time frame set forth in the Administrative Review Law.

For the foregoing reasons, the judgment of the circuit court of

Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and remanded.

EGAN, P.J., and RAKOWSKI, J., concur.