BONNIE ROSE MARTIN, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION, Defendant-Appellee.

First District (5th Division)    No. 1—95—2974

Opinion filed August 23, 1996.—Rehearing denied November 14, 1996.

Law Offices of Terence E. Flynn, of Chicago (Terence E. Flynn, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Morton E. Friedman, Assistant Attorney General, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Dr. Bonnie Rose Martin, filed a complaint for administrative review against defendant, the Department of Professional Regulation, alleging that defendant acted arbitrarily and beyond its statutory authority by denying permission for plaintiff to take her licensure examination as a clinical psychologist. Defendant filed a motion to dismiss pursuant to section 2—619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(1) (West 1994)), claiming that plaintiff had failed to name a necessary party and party of record, defendant's Director, Nikki Zollar, in violation of section 3—107(a) of

the Administrative Review Law (Review Law) (735 ILCS 5/3—107(a) (West 1992)). The trial court granted the motion, agreeing that Director Zollar was a necessary party and concluding that a 1994 amendment to section 3—107(a) could not apply retroactively to allow plaintiff to name and serve Director Zollar.

We reverse and remand.

BACKGROUND

On September 8, 1993, defendant sent plaintiff a letter that stated:

"Your application for registration as a clinical psychologist in the State of Illinois on the basis of examination was reviewed by the Clinical Psychologists Licensing and Disciplinary Committee at the August 27, 1993, meeting.

The Committee recommended that your application be denied, due to the fact that you still have not completed a practicum and internship. You have been credited with 2 years of satisfactory work experience.

Director Zollar has accepted the Committee's recommendation.

This denial of your application constitutes the final decision of the Department. You have a right, under the Administrative Review Act ***.

If you wish to submit new material or information not previously presented to the Department, the material must be submitted within 35 days of the date of this letter."

The letter was signed by Mary Wright, manager of the Health Services Section.

On September 10, 1993, plaintiff filed a complaint for administrative review against defendant. Plaintiff alleged that she met all statutory qualifications for licensure exam eligibility by completing her doctorate degree in psychology from an approved program in 1988. Plaintiff also claimed that defendant acted arbitrarily, capriciously, and contrary to law in subjecting her to retroactive application of requirements under the 1989 Clinical Psychologist Licensing Act (225 ILCS 15/1 (West 1994)) when she had previously completed an approved program.

On October 15, 1993, defendant moved to dismiss pursuant to section 2—619(a)(1), contending that plaintiff had not met the procedural requirements of the Administrative Review Law. At that time, section 3—107(a) of this act stated, "[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3—107(a) (West 1992). Section 3—102 of the

Review Law stated, "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1992). Section 3—103 required that actions be brought within 35 days of the decision to be reviewed, and, thus, defendant claimed that plaintiff's failure to name Director Zollar within 35 days barred judicial review because plaintiff had not met the Review Law's requirement to name all parties of record.

On January 1, 1994, an amendment to section 3—107(a) became effective and added the following language:

"If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." 735 ILCS 5/3—107(a) (West Supp. 1995).

On January 3, 1994, defendant filed a copy of the administrative record.

In February of 1995 plaintiff substituted her attorneys, and on April 24, 1995, plaintiff filed a response to defendant's motion to dismiss. Plaintiff argued that Director Zollar was merely an agent of defendant and not an additional necessary party. However, on July 19, 1995, the court held that Director Zollar was a necessary party and concluded that the 1994 amendment could not apply retroactively. On August 18, 1995, plaintiff appealed the court's order.

OPINION

I

Plaintiff contends that this court's decision in *Mazurek Pharmacy v. Department of Public Aid*, 268 Ill. App. 3d 1085, 645 N.E.2d 365 (1994), is directly applicable to this case and mandates that Director Zollar is not a necessary party. We agree. *Mazurek* held that the Director of the agency at issue was only an agent of the agency and thus was not a separate party of record. *Mazurek* based its decision on three factors: (1) the Director took no part in the proceedings other than to adopt the recommendation from the administrative proceedings; (2) most of the statutory provisions spoke in terms of the Department, not the Director; and (3) the letter to its plaintiff stated,

"This is the final and binding administrative decision of the *Illinois Department of Public Aid*." (Emphasis in original.) *Mazurek*, 268 Ill. App. 3d at 1090-91. This court found the final element "highly significant." *Mazurek*, 268 Ill. App. 3d at 1090. In *Pontiac Lodge No. 294 v. Department of Revenue*, 243 Ill. App. 3d 186, 611 N.E.2d 62 (1993), the fourth district also held that the Director in its case had merely acted as an agent because of the presence of the three factors listed *supra*. *Mazurek* agreed with the reasoning of *Pontiac* and held that, under the circumstances involved, the Director in *Mazurek* had merely acted as an agent of the Department. *Mazurek*, 268 Ill. App. 3d at 1093.

In the instant case, the same three factors of the *Mazurek* analysis favor the plaintiff's contention. Director Zollar was not present at plaintiff's hearing and never corresponded personally with plaintiff. As for statutory guidelines, section 3 of the Clinical Psychologist Licensing Act states that defendant issues the licenses, and section 6 states that defendant authorizes examinations and conducts hearings on license requests. 225 ILCS 15/3, 6 (West 1994). Lastly, defendant's letter to plaintiff informing her of its decision stated, "This denial of your application constitutes the final decision of the *Department*." (Emphasis added.) The Director's involvement in this matter was almost identical to that of the Director in *Mazurek*, and, thus, we conclude that Director Zollar was merely an agent of defendant and was not a necessary party.

The trial court differentiated *Mazurek* from this matter because of correspondence between Director Zollar and Dr. Glen Geist, the department chair of psychology at the Illinois Institute of Technology. Dr. Geist expressed concern to Director Zollar that students from his school, including plaintiff and another doctor, were not gaining eligibility for licensure. Director Zollar personally responded to Dr. Geist, but her correspondence with this third party did not affect her role in the decision-making process surrounding plaintiff, and, thus, the letters to Dr. Geist were immaterial to this matter. All of plaintiff's correspondence was with defendant and Mary Wright, while Director Zollar's role, both statutorily and in practice, was identical to that of the Director in *Mazurek*.

Unlike the trial court, defendant does not dispute that *Mazurek* directly applies to this case, but defendant claims that *Mazurek* and *Pontiac Lodge* were wrongly decided and should not be followed. Defendant relies on four cases, the first of which is *Cuny v. Annunzio*, 411 Ill. 613, 104 N.E.2d 780 (1952). Defendant claims that *Cuny* stands for the proposition that the pertinent analysis as to necessary parties is the question of "who is the decision maker." Defendant is correct

that *Cuny* held that its Board of Review was a necessary party, even as a subsection of the Department of Labor, as *Cuny* stated:

"[W]hile the Board of Review may be a division or arm of the Department of Labor which operates under the superintendence of a Director, it is the Board which acted as the administrative agency and entered the administrative decision, and is the party contemplated by section [3—107(a)]." *Cuny*, 411 Ill. at 616-17.

However, this analysis does not conflict with *Mazurek*, as in *Mazurek* we used three factors to determine whether the Director "acted as the administrative agency and entered the administrative decision." *Cuny*, 411 Ill. at 616-17. Thus, the focus in *Cuny* and *Mazurek* is identical as both examine the extent of involvement in entering the administrative decision to determine which entities are necessary parties.

The three other cases that defendant cites all involved directors who were more actively involved in the decisions at issue, and, thus, they do not conflict with our analysis in *Mazurek*. In *E&E Truck Line, Inc. v. Department of Employment Security*, 262 Ill. App. 3d 547, 634 N.E.2d 1191 (1994), the Director issued her own opinion with her own conclusions instead of solely adopting the findings of others. *E&E*, 262 Ill. App. 3d at 548. Moreover, the applicable statute in *E&E* required that parties file any protest of the Director's decision *with the Director. E&E*, 262 Ill. App. 3d at 551. In *Chiakulas v. Department of Mental Health & Developmental Disabilities*, 240 Ill. App. 3d 84, 608 N.E.2d 114 (1992), a facility manager decided to transfer plaintiff to another facility, and plaintiff appealed directly to the Director of the Department. Thus, the Director in *Chiakulas* did not merely affirm a committee's recommendation but instead personally reviewed the decision of the facility manager. *Chiakulas*, 240 Ill. App. 3d at 85. Lastly, in *Zientara v. Lottery Control Board*, 214 Ill. App. 3d 961, 547 N.E.2d 747 (1991), the Department's rules unequivocally specified that in regard to the Administrative Review Law, the reviewable decision is made by the Director in her official capacity. *Zientara*, 214 Ill. App. 3d at 968. We also went into extensive detail in *Mazurek* to differentiate *Zientara* from the circumstances present in *Mazurek* and in this case. See *Mazurek*, 268 Ill. App. 3d at 1092-93. We conclude that our analysis in *Mazurek* was sound and does not conflict with other precedents.

## II

Even assuming *arguendo* that Director Zollar had been a necessary party, the recent supreme court case of *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36 (1996), would require us to apply the 1994 amendment to section 3—107(a)(1) and allow

plaintiff the opportunity to name and serve Director Zollar. The application of an amendment to an existing controversy does not necessarily constitute retroactivity. *Armstead*, 171 Ill. 2d at 289. A retroactive change in the law is one that takes away or impairs vested rights under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. *Armstead*, 171 Ill. 2d at 290. Where no vested rights are involved, an amendment can be applied to the existing controversy without any retroactive impact. *Armstead*, 171 Ill. 2d at 290. Thus, a reviewing court should simply apply the law as it exists at the time of the appeal, unless doing so would interfere with a vested right. *Armstead*, 171 Ill. 2d at 290.

In the instant case, allowing plaintiff to name Director Zollar would not interfere with a vested right. Whether a particular expectation rises to the level of a vested right is not capable of precise definition, but it should be a complete and unconditional demand or exemption that may be equated with a property interest. *Armstead*, 171 Ill. 2d at 291. For a particular expectation to be strong enough to render it complete and unconditional, a major factor is the reasonable reliance that the expectation induces. *Valdez v. Zollar*, 281 Ill. App. 3d 329, 333, 665 N.E.2d 560 (1996). We determine that there was neither any detrimental reliance by Director Zollar in not being served within 35 days, nor an unconditional exemption in the time limit that could be equated with a property interest. Because applying the amendment would not interfere with a vested right, plaintiff would now have 21 days to name and serve Director Zollar if she had been a necessary party.

We recognize that this court concluded that the amendment could not apply retroactively in *Straub v. Zollar*, 278 Ill. App. 3d 556, 663 N.E.2d 80 (1996), but *Straub* preceded *Armstead* and relied on the former general rule that the legislature intended an amendatory act to be exclusively prospective unless the presumption was rebutted by express language in the act. *Straub*, 278 Ill. App. 3d at 562. However, *Armstead* specifically criticized this past method and removed the presumption of prospective application, concluding that legislative intent was immaterial because the legislature had no power to retroactively affect vested rights even if it so desired. *Armstead*, 171 Ill. 2d at 288-90. Under the new *Armstead* approach and its vested rights analysis, the 1994 amendment to section 3—107(a) must have full application to this matter.

For the foregoing reasons, the judgment of the trial court is re-

versed and set aside, and the cause is remanded for further proceedings in accordance herewith.

Reversed and remanded.

GORDON and HOURIHANE, JJ., concur.