NO. 4-97-0446

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DENNIS FAYHEE, ) Appeal from

Plaintiff-Appellant,           ) Circuit Court of 

          v. ) Sangamon County

THE STATE BOARD OF ELECTIONS OF THE ) No. 95MR81

STATE OF ILLINOIS, EDUCATIONAL OFFICERS ) 

ELECTORAL BOARD OF THE PARIS UNION ) 

SCHOOL DISTRICT NO. 95, THE BOARD OF )    

EDUCATION OF PARIS UNION SCHOOL DISTRICT ) Honorable

NO. 95, RONALD DORIS and WARREN SPERRY, ) Robert J. Eggers,

Defendants-Appellees.    )   Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE GARMAN delivered the opinion of the court: 

Plaintiff Dennis Fayhee appeals the April 29, 1997, decision of the circuit court of Sangamon County dismissing his complaint against the Board of Elections of the State of Illinois (Board of Elections), the Educational Officers Electoral Board of the Paris Union School District No. 95 (Electoral Board), the Board of Education of Paris Union School District No. 95 (Board of Education), Ronald Doris, and Warren Sperry.  For the reasons set forth below, we affirm.

I. FACTS

Plaintiff, a registered voter and resident of the Paris Union School District No. 95, filed a petition with the Board of Education on April 30, 1993, seeking to place a referendum question on the ballot in the November 2, 1993, general election.  The question sought voter approval for reduction of the school district's property tax rate.  Plaintiff purported to bring the petition pursuant to section 162a of the Revenue Act of 1939 (Revenue Act) (35 ILCS 205/162a (West 1992) (now the Property Tax Code, 35 ILCS 200/18-120 through 18-130 (West 1996))).  On May 10, 1993, several other residents and taxpayers of the school district, including individu­al defendants Doris and Sperry, filed objections to plaintiff's petition.  The school district convened an Electoral Board that conducted a hearing on May 15, 1993, to consider the objections.  The Electoral Board issued an order on June 3, 1993, sustaining certain of the objections and ordering that the proposed question not appear on the ballot.

On June 9, 1993, plaintiff sought review of this decision by the State Board of Elections pursuant to the Election Code (10 ILCS 5/10-10.1 (West 1992)), naming the Electoral Board as defen­dant.  After a hearing on August 16, 1993, the Board of Elections voted 4 to 4 on a motion to take jurisdiction of the case and issued an order to this effect on August 17, 1993.  As a result of this deadlock, the order of the Electoral Board was left undis­turbed.

Plaintiff then filed a complaint (No. 93-MR-227) with the circuit court of Sangamon County on August 20, 1993, pursuant to the Election Code (10 ILCS 5/10-10.1 (West 1992)), seeking administrative review of the final order of the Board of Elections.  After resolution of a number of procedural issues, the circuit court remanded the cause of action to the Board of Elections, finding that its August 17, 1993, order was not effective because it had not been adopted by a vote of at least five members.

The Board of Elections reopened the case on February 21, 1995, and heard arguments.  The Board of Elections then issued a final order on February 22, 1995, dismissing the matter
 for want of jurisdiction and stating its findings:

"1. The Board has jurisdiction to deter­mine whether Section 162a of the Revenue Act of 1939 applies to school boards.

2. Section 162a of the Revenue Act of 1939 has no applica­tion to school boards.

3. The Board is without jurisdiction to determine any other matter, the jurisdic­tion of the Board being limited by stat­ute to review of the decisions of Elec­toral Boards pass­ing upon petitions for refer­enda brought pursuant to Section 162a of the Reve­nue Act of 1939."

Plaintiff filed an entirely new complaint (No. 95-MR-81) that is the subject of this appeal on March 21, 1995, seeking judicial review of this final order.  All defendants filed answers except the Electoral Board.  Plaintiff filed a motion for summary judgment and defendants filed cross-motions for summary judgment and seeking dismissal for failure to name and serve all necessary parties, specifically the chairman and members of the Board of Elections.  The circuit court granted defendants' motion on April 29, 1997, and made a docket entry which reads, in part:

"Based upon the Board of Education of Bethany Unit School District #310 v. Regional Board of School Trustees, (1994) 255 Ill. App. 3d 763, the Court finds that Defendants' Motions for Summary Judgment should be granted and this administrative appeal should be dis­missed because Plaintiff has failed to name and serve all necessary parties.  Should the Appellate Court find otherwise on this issue and reach the merits, this Court would affirm the deci­sion of the State Board of Elections holding that Section [162a] of the Revenue Act does not apply to school districts.  The Court rejects circular argument with respect to the meaning of the last sentence of Section [162a]."

Plaintiff appeals the circuit court judgment on both the procedural issue and the decision on the merits.  The Board of Elections and the Electoral Board have not submitted briefs.  The Illinois Association of School Boards (Association) has been permitted to file a brief as 
amicus
 
curiae
.  On June 24, 1997, plaintiff filed a motion seeking to have the record on appeal include the earlier case, No. 93-MR-227, in addition to the present case, No. 95-MR-81.  Defendants opposed the motion, arguing that the time for appeal of the issues raised in the earlier case had long since passed.  This court agreed and denied plaintiff's motion on July 1, 1997.  This appeal is thus limited to the judgment of the circuit court entered on April 29, 1997.

II. ANALYSIS

The material in sections A and B is not to be pub­lished pursuant to Supreme Court Rule 23 (166 Ill. 2nd R. 23).

Nonpublishable material under Supreme Court Rule 23 omitted.

C.  Failure To Name Parties of Record as Defendants

The Board of Education argues that plaintiff was required to individually name the chairman of the Board of Elections, David Murray, in his complaint.  Doris and Sperry argue that the plaintiff was required to name each individual member of the Board of Elections, each individual member of the Electoral Board, and each of the 12 objectors to his petition as well.  The circuit court agreed with these arguments and dismissed the complaint for failure to name all necessary parties, but the docket entry did not specify which of these persons the court considered to be necessary parties.  Because Doris and Sperry have framed the question in their brief in terms of naming David Murray "at a minimum," we shall confine our analysis to whether failure to name Murray justifies dismissal of the complaint.

1.  
Application of Amended Section 3-107(a)
 

of Administrative Review Law

The naming of defendants in actions for review of the final decision of an administrative agency is controlled by section 3-107 of the Administrative Review Law (Pub. Act 89-685, §25, eff. June 1, 1997) (1996 Ill. Laws 3706, 3721-22) (amending 735 ILCS 5/3-107 (West Supp. 1995))).  During the pendency of these proceed­ings, this provision was amended several times.  Effective January 1, 1992, section 3-107 of the Administra­tive Review Law required:

"(a) Except as provided in subsection (b), in any action to review any final deci­sion of an administrative agency, the adminis­trative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."  735 ILCS 5/3-107 (West 1992).

This language was in effect at the time plaintiff filed his petition with the Board of Education and throughout the proceedings before the Election Board and the Board of Elections.  

The most recent amendment of section 3-107 of the Administrative Review Law, pursuant to Public Act 89-685, became effective June 1, 1997:

"(a) Except as provided in subsec­tion (b), in any action to review any final deci­sion of an administra­tive agency, the adminis­trative agency and all persons, other than the plain­tiff, who were parties of record to the pro­ceedings before the administrative agency shall be made defendants.  No action for administra­tive review shall be dismissed for lack of ju­ris­diction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, *** where the admin­istrative agency, board, committee, or govern­ment entity, has been named as a defen­dant ***."  735 ILCS 5/3-107 (West 1996) (as amended by Pub. Act 89-685, §25, eff. June 1, 1997).

Plaintiff argues that the most recently amended version of section 3-107 of the Administrative Review Law is applica­ble to this appeal and, as a result, dismissal for failure to name the chairman or members of the Board of Elections as necessary parties is not appropriate.  Thus, we must first determine which version of section 3-107 of the Administrative Review Law governs this question.  

The supreme court has most recently addressed the question of the applicability of an amended statute in 
First of America Trust Co. v. Armstead
, 171 Ill. 2d 282, 664 N.E.2d 36 (1996).  In that case, the trial court, in a situation similar to the present case, applied the amended statute.  The appellate court reversed, relying upon the general principle that prospective application of an amendment is to be presumed absent evidence of legislative intent that it apply retroactively.  The supreme court held that the trial court had properly applied the amended statute and enunciated the rule to be followed in such cases:

"[T]he better approach is to apply the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right. *** [W]here an amendment does not reach back and interfere with vested rights, there is no truly retroactive impact."  
Armstead
, 171 Ill. 2d at 289, 664 N.E.2d at 39-40.

Our analysis must, therefore, address whether the chairman of the Board of Elections has a vested right that may be impaired if he is not named as an individual defendant in this action.  
Armstead
 specifically notes that "no vested rights are involved" when an "amendment is procedural in nature."  
Armstead
, 171 Ill. 2d at 290, 664 N.E.2d at 40.  Despite defendants' arguments that section 3-107 of the Administrative Review Law is substan­tive law, we find that it is procedur­al in nature.  It creates neither rights nor liabilities but, rather, specifies who must be named in an action for judicial review so that the reviewing court may take jurisdic­tion of the matter and have all of the necessary parties before the court.  This function is entirely procedural.

The court applied 
Armstead
 in 
Martin v. Department of Professional Regulation
, 284 Ill. App. 3d 591, 596, 672 N.E.2d 267, 270 (1996), to find that amended section 3-107 of the Administra­tive Review Law, the very provision at issue here, should be applied in a case that was originally brought prior to the amendment.  We agree.  The amendment of this statute did not "create a new obligation or duty with respect to a past transac­tion" and impose that obligation or duty on the chairman of the Electoral Board.  
Armstead
, 171 Ill. 2d at 291, 664 N.E.2d at 40.  The Board of Education argues only that the chairman, individually, has a vested right, separate from that of the agency, to partici­pate in any action challeng­ing his decision but offers no support for this position.  We hold that the amended version of section 3-107 of the Adminis­tra­tive Review Law is applicable to this appeal.

2.  
Identification of Parties of Record

Under the amended provision, it is sufficient in some circumstances that a plaintiff in an action for administrative review name only the administrative entity as defendant.  If there are parties of record, other than the plaintiff, those individual parties must also be named.  However, if such an individual is an employee, agent, or member of the entity who acted in his official capacity, a court must engage in another level of inquiry prior to dismissing the complaint:

"If, during the course of a review ac­tion, the court deter­mines that a party of record to the administra­tive proceedings was not made a defendant as required by the pre­ced­ing para­graph, and only if that party was not named by the administra­tive agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant."  735 ILCS 5/3-107(a) (West 1996) (as amended by Pub. Act 89-685, §25, eff. June 1, 1997).

In effect, the legislature has provided a "second chance" for the plaintiff who fails to name a party of record, but only if that party was not named as a party of record in the final order.

Because Murray's name was signed to the final order, albeit by someone acting on his behalf, he is no doubt "named" in the final order, but he is not necessarily named "as a party of record."  Defendants argue that 
International Precision Components Corp. v. Lake County Zoning Board of Appeals
, 282 Ill. App. 3d 735, 740, 668 N.E.2d 656, 659 (1996), held that all members of a decision-making body whose names are in the final order must be named as parties.  The decision in 
International Precision
, however, was based upon language that was present in the statute in 1994 but is not present in the amended version that we apply to the case at hand.

In this case, Murray's name was signed to the final order, which stated that "the Board having heard the arguments of counsel and being fully advised in the premises, finds as fol­lows."  In 
Martin
, the Director of the Department of Profession­al Regula­tion (Department), who merely transmitted a letter inform­ing plaintiff of the decision of the Department, was not required to be joined as a defendant.  
Martin
, 284 Ill. App. 3d at 594, 672 N.E.2d at 269.  Murray's involvement in these proceedings was to preside at both hearings at which the Board of Elections considered plaintiff's petition, to cast his vote as one among eight voting members of the Board, and to transmit the Board's decision to the plaintiff in the form of a final order.  Accord­ing to the Election Code, the chairman's only statutory duty is to preside at meetings of the Board.  10 ILCS 5/1A-6.1 (West 1996).  The Board can take action in the absence of the chairman with the vice chairman presiding.  All statutory powers and duties are ascribed to the Board as a whole.  10 ILCS 5/1A-6.1, 8 (West 1996).  The chairman has no independent decision-making authority.  We hold that the fact an individual's name appears on a final order is persuasive, but not dispositive, evidence that the person is a party of record and, thus, decline to follow the holding of 
International Preci­sion
.

In addition to 
Martin
, discussed above, plaintiff relies upon 
Mazurek Pharmacy v. Department of Public Aid
, 268 Ill. App. 3d 1085, 645 N.E.2d 365 (1994), and our decision in 
Pontiac Lodge No. 294 v. Department of Revenue
, 243 Ill. App. 3d 186, 611 N.E.2d 62 (1993), to argue that Murray is not a party of record.  In 
Mazurek
, the plaintiff named the Department of Public Aid as the sole defendant.  The court found that the plaintiff was not required to also name the acting director of the agency, finding that the relevant statute granted decision-making author­ity to the Depart­ment of Public Aid, not to the Director.  The letter to the plaintiff indicated that it was transmitting the final decision of the Department of Public Aid, and the Direc­tor took no action other than to adopt the recommendation of an administrative law judge (ALJ).  
Mazurek
, 268 Ill. App. 3d at 1090-91, 645 N.E.2d at 368.  In this case, Murray played a somewhat greater role.  He did participate in delibera­tions and cast his vote on the question before the Board.  In all other respects, however, this case is similar to 
Mazurek
.  

Mazurek
 relied upon our decision in 
Pontiac Lodge
, in which we held that the Director of the Department of Revenue was an agent of the Department of Revenue and, thus, need not be named individu­al­ly as a defendant.  Again, in this case, the Director was acting as an agent of the administrative entity when he approved the recommenda­tions of an ALJ.  We relied heavily upon the fact that the Revenue Act "makes clear that the agency reviewing [these] decisions *** is the Department" and not the Director.  
Pontiac Lodge
, 243 Ill. App. 3d at 188, 611 N.E.2d at 64.

Defendants rely upon 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 353-54, 549 N.E.2d 1266, 1267-68 (1990), and cite its language regarding the need for strict adherence to the "mandatory and specific" provision that all parties of record be named.  
Lockett
, however, is factually distinguishable from the present case.  In 
Lockett
, a police officer sought judicial review of a disciplinary action by the police board; he failed to name as a defendant the police superin­tendent who filed the charges against him.  The supreme court held that the superin­tendent was a party of record.  

In 
Cuny v. Annunzio
, 411 Ill. 613, 617-18, 104 N.E.2d 780, 782-83 (1952), plaintiff employer's complaint against the Director of Labor of the State of Illinois was dismissed for failure to name both the board of review (the agency that rendered the order) and the employee who was seeking unemploy­ment benefits (the party of record).  
Cuny
 and 
Lockett
 stand for the proposition that an adverse party in the adminis­trative proceeding is a party of record, but do not support the defendants' argument that Murray, who merely presided at the administrative proceeding, was a party of record.

Doris and Sperry assert that 
Straub v. Zollar
, 278 Ill. App. 3d 556, 561, 663 N.E.2d 80, 84 (1996), held that the agency's director was the final decision maker and, as applied here, requires that all eight members of the Board of Elections must be named defendants.  This is a gross mischaracterization of the holding in 
Straub
.  In that case, the plaintiff named only the Director of the Department of Profes­sional Registration as defendant.  The matter was dismissed for failure to name the agency itself.  "The fact that the Director acted as the final decision maker and signed the order did not relieve plaintiff of the statutory mandate" to name the agency.  
Straub
, 278 Ill. App. 3d at 561, 663 N.E.2d at 84.

Doris and Sperry also cite 
Trettenero v. Police Pension Fund
, 268 Ill. App. 3d 58, 643 N.E.2d 1338 (1994), for their assertion that a person whose name appears in an order must be named as a defendant.  The procedural posture in 
Trettenero
, however, was the exact opposite of the present case.  In 
Trettenero
, the plaintiff police officer named the board of the police pension fund and each of the individual trustees.  The defendants argued that the board should be the only named defen­dant and the circuit court agreed, dismissing the complaint as to the individual board members.  The appellate court reversed, holding that the board members were parties of record because they had each signed the written decision adjudicating the pension claim.  
Trettenero
, 268 Ill. App. 3d at 62, 643 N.E.2d at 1340.  The 
Trettenero
 court was not asked to decide whether the individual trustees 
must
 be named but, rather, if the plaintiff 
could
 name them as defendants.  The decision does not inform our analysis in this case.

Finally, Doris and Sperry argue that the dismissal by the circuit court was not "for lack or jurisdiction" under section 3-107 of the Administrative Review Law, but was for failure to join necessary parties.  Plaintiff argues that any dismissal for failure to comply with section 3-107 of the Adminis­trative Review Law is, by definition, based upon lack of jurisdic­tion.  

There are at least two bases for dismissal of an action for failure to join a party.  The first is a due-process concern that there is an absent party with a substantial interest in the matter being litigated and, in whose absence, the matter cannot be fully resolved.  This is a separate inquiry and is related to, but not dependent upon, application of section 3-107(a) of the Adminis­trative Review Law.  It was this concern that informed our decision in 
Board of Education of Bethany Community Unit School District No. 301
 v. Regional Board of School Trustees
, 255 Ill. App. 3d 763, 627 N.E.2d 1175 (1994), relied upon by the circuit court here.  In this case, the plaintiffs sought to detach certain property from one school district and to annex it to an adjacent school district.  They failed to name the annexing school district as a defendant in their complaint for administra­tive review.  We held that the annexing school district was a necessary party because "[t]o hold otherwise would suggest [it] was not a party which would be bound by the judgment."  
Regional Board
, 255 Ill. App. 3d at 767, 627 N.E.2d at 1177.  In other words, the annexing school district must be consid­ered a party of record because it "would necessari­ly be affected by the decision to grant or deny the petition."  
Regional Board
, 255 Ill. App. 3d at 767, 627 N.E.2d at 1178.   

The second basis for dismissal is failure to comply with the statutory procedural requirements.  The supreme court noted in 
McGaughy v. Illinois Human Rights Comm'n
, 165 Ill. 2d 1, 11, 649 N.E.2d 404, 409 (1995), that the appellate districts were divided on the issue of whether the failure to name all necessary parties in an administrative review action is a jurisdictional defect.  Without expressly resolving the issue, the court stated:  "When a court is in the exercise of special statutory jurisdic­tion, the language of the act conferring the jurisdiction limits the court's power."  
McGaughy
, 165 Ill. 2d at 7, 649 N.E.2d at 407.  Thus, when a circuit court dismisses a complaint for failure to comply with the requirements of section 3-107(a) of the Administrative Review Law, that dismissal is, at least in part, based upon the court's inability to exercise its special statutory 
jurisdiction
 for administrative review absent full compliance with the statute.

We hold that the chairman of the Board of Elections is not a party of record who is required by section 3-107(a) of the Administrative Review Law to be named as a defendant in this matter.  We do not attempt to define "party of record" in all cases.  However, we do conclude that an employee, agent, or member of an administrative entity is not a party of record if he does not have statutory authority to make a decision adverse to the plaintiff.  In the present case, the Board of Elections is a necessary party; the chairman is merely an agent of that Board and not a separate party of record.  The plaintiff has named the Board of Elections and has complied with the amended version of section 3-107 of the Administrative Review Act, which is in effect at this time.  We note, however, that future plaintiffs would be well-advised to name as defendants those officials whose names appear on final orders.

The material in section D is not to be pub­lished pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).

Nonpublishable material under Supreme Court Rule 23 omitted.

E.  Applicability of Section 162a to School Districts

The Election Board and the Board of Elections both determined that the referendum provisions of section 162a of the Revenue Act do not apply to school districts.  The circuit court, after granting dismissal on procedural grounds, then held in the alternative that defendants' cross-motions for summary judgment on this issue should be granted.  The standard of review of a grant of summary judgment is 
de
 
novo
.  
Hall v. Burger
, 277 Ill. App. 3d 757, 761, 660 N.E.2d 1328, 1331 (1996).  The parties do not dispute the facts in this case.  Therefore, we must affirm if the judgment of the circuit court is correct as a matter of law.

The statute at issue is section 162a of the Revenue Act.  At the time plaintiff filed his original petition with the Board of Education, the applicable statute was codified at section 162a of the Revenue Act of 1939 (35 ILCS 205/162a (West 1992)).  As a result of recodifi­ca­tion, that statute has been repealed and the portions dealing with referenda recodified at section 18-120 of the Property Tax Code (35 ILCS 200/18-120 (West 1996).  Pub. Act 88-455, Art. 32, §32-20; Art. 18, §18-120, eff. January 1, 1994 (1993 Ill. Laws 3497, 3830, 3650-51).  Defen­dants Doris and Sperry and the amicus brief of the Associa­tion refer to the newer version of the statute.  Based upon the vested interests analysis mandated by 
Armstead
 and discussed in section C above, we base our analysis and decision upon the statutory language in effect at the time plaintiff's petition was brought.

This issue is purely a question of statutory interpreta­tion and, as such, was properly dealt with on a motion for summary judgment.  Each party invokes the entire arsenal of tools for statutory interpretation, from the traditional canons of construc­tion, to legislative intent, to public policy concerns.  We agree with the circuit court that it is not necessary to look beyond the plain language of the statute to reach the conclusion that it does not apply to school districts.

Plaintiff's argument depends entirely upon including school districts within the reach of the language "any taxing district" in the first paragraph of section 162a of the Reve­nue Act.  However, that broad language is limited by the last paragraph of section 162a, which states:

"This Section shall apply 
only
 to rates which are 
specifically
 made subject to in­crease or decrease according to the referendum provisions of the 
General
 
Revenue
 
Law
 of Illinois."  (Emphasis added).  35 ILCS 205/162a (West 1992). 

This language clearly requires that the referenda provisions of section 162a of the Revenue Act must be triggered by a provision outside section 162a.  The circuit court properly found the argument "circular" when plaintiff asserted that section 162a, standing alone, provided authorization for a referendum.

The defendants argue, and we agree, that the phrase "General Revenue Law of Illinois" refers to the Revenue Act and not, as plaintiff suggests, to any provision in the School Code  (105 ILCS 5/17-1 
et
 
seq
.
 (West 1992)) or elsewhere that relates, in general, to the raising of revenue.  The Associa­tion notes that the Illinois Revised Statutes and the Illinois Compiled Statutes have consis­tently contained a footnote to the phrase "General Revenue Law" with a cross-reference to the Revenue Act.  Because these footnotes are added by the publisher and are not part of the statute itself, we do not find this dispositive.  Their presence does, however, support defendants' contention that the phrase "General Revenue Law" is commonly understood to mean the Revenue Act.  We also agree with the Association that the use of upper case letters and the singular form are further indications that the limiting language refers to the Revenue Act and not to revenue laws in general.

We find that the "General Revenue Law of Illinois" is the Revenue Act, as amended (35 ILCS 205/1 
et
 
seq
.
 (West 1992) (now Illinois Income Tax Act (35 ILCS 5/101 
et
 
seq
.
 (West 1996)))).  The Revenue Act contains no provisions regarding the setting of tax rates for school districts.  Article 17 of the School Code, however, estab­lish­es the taxing authority of school districts.  We also find it signifi­cant that the School Code contains its own provision for the reduction of tax rates by referendum (105 ILCS 5/17-2.2 (West 1996)). 

Plaintiff offers the case of 
Alexander v. County of Tazewell
, 181 Ill. App. 3d 1070, 537 N.E.2d 1149 (1989), in support of his assertion that section 162a of the Revenue Act does apply to school districts.  In that case, however, the parties stipulated that the referendum had been held pursuant to section 162a and the trial court was required only to determine if the procedural requirements of the statute were met.  
Alexander
 is factually distinguishable from the present case.

We affirm the decision of the circuit court that section 162a of the Revenue Act does not apply to school districts and granting summary judgment to defendants.  We therefore need not reach the issue of whether section 162a of the Revenue Act authoriz­es independent taxpayer-initiated referenda. 

III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court on the merits.

Affirmed.

KNECHT and COOK, JJ., concur.